UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIENT EXPRESS CONTAINER CO., LTD.,

Plaintiff,

v.

ORGANIC MATERIAL SOLUTIONS CO., LTD., and RAD-SOLUTIONS, LLC,

Defendants.

25-CV-______

**VERIFIED COMPLAINT**

Plaintiff, Orient Express Container Co., Ltd. ("OEC"), by and through its attorneys, Tisdale & Nast Law Offices, LLC, as and for its Verified Complaint against defendants, Organic Material Solutions Co., Ltd. ("OMS") and Rad-Solutions, LLC ("Rad"), alleges upon information and belief:

**JURISDICTION, THE PARTIES, AND VENUE**

1. This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure. In addition, OEC seeks declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendants OMS and Rad, jointly and severally, owe indemnity for whatever liability is assessed against OEC in the foreign proceedings discussed below.

2. At all relevant times mentioned herein, OEC was and still is a corporation organized and existing under the laws of New York with its principal place of business at 133-33 Brookville Blvd., Ste 306, Rosedale, NY 11422. OEC was and is still engaged in business as a non-vessel operating carrier ("NVOCC").

3. At all relevant times mentioned herein, OMS was and still is a foreign corporation with its principal place of business at 6F-1, No 305, Sec. 3, Namjing E. Rd., Songshan Dist., Taipei City 105, Taiwan.

4. At all relevant times mentioned herein, Rad was and still is a corporation organized and existing under the laws of Texas with its principal place of business at 2221 Justin Rd., Suite 119-142, Flower Mound, TX 75028.

## FACTS

5. As an NVOCC, OEC organizes shipments on behalf of its respective customers, arranging for the transportation of their goods from one location to another, including from Keelung, Taiwan, to Salisbury, North Carolina.

6. OEC, as an intermediary in the transport of goods, contracts with vessel-owning common carriers ("VOCC") like CMA CGM S.A. ("CMA CGM") to physically transport goods upon the oceans.

7. As a VOCC, CMA CGM transports cargo for its customers using vessels that it owns or operates, such as the M/V EVER MIST, providing ocean carriage from one location to another, including from Keelung, Taiwan, to Savannah, Georgia.

8. CMA CGM time chartered the M/V EVER MIST from Evergreen Marine Corp. (Taiwan) Ltd. ("Evergreen").

9. On or about July 12, 2024, OMS contracted with OEC to carry one container TRHU 3869342 ("Container") said to contain acrylate resin ("Cargo") from Keelung, Taiwan to Salisbury, North Carolina via Savannah, Georgia where it was to be delivered to Rad, OMS' customer.

10. On or about July 24, 2024, OEC, as an NVOCC, issued seaway bill #OERT101702N01263 to OMS as Shipper and Rad as Consignee for the carriage of the Cargo from Keelung, Taiwan to Salisbury, North Carolina.

11. On July 24, 2024, CMA CGM issued a seaway bill #TWN0883184 to OEC as the shipper and OEC Freight (NY) Inc. as Consignee for the carriage of the Cargo from Keelung, Taiwan to Savannah, Georgia.

12. While en route from Yantian, China (after loading in Keelung) to Panama, on July 28, 2024, the Cargo was found to be leaking in the hold of the EVER MIST, thereby creating an unsafe and unseaworthy condition aboard the Vessel.

13. At that time, it was established that a tank of Cargo was improperly secured within the Container and, as a result, it punctured, causing the Cargo to leak into the hold.

14. Shortly thereafter, Evergreen arranged to clean the leaking Cargo from the hold at Colon Container Terminal ("CCT"), Panama.

15. On September 5, 2024, Evergreen notified OEC that the costs to remediate the damage caused by the leaking Cargo aboard the EVER MIST totaled $344,980.

16. On September 5, 2024, OEC sent OMS a Formal Claim Notice detailing the loss aboard the EVER MIST, demanding reimbursement of the total costs incurred.

17. Evergreen submitted its claim for reimbursement to the Vessel charterers, CMA CGM. On or about May 5, 2025, CMA CGM and Evergreen settled the dispute for $280,000.

18. CMA, in turn, has pursued its claim for reimbursement against OEC in the Courts of Taiwan. As of the date of this filing, the case is proceeding toward trial.

19. In addition to its earlier notice, on October 9, 2024, OEC notified OMS and Rad of the claims from Evergreen against CMA CGM, and by CMA CGM against OEC, and requested

that they assume responsibility for any liability arising from the Cargo leak pursuant to the terms of the OEC bill of lading.

20. Moreover, on July 30, 2025, OEC issued a 'Notice of Vouching In' to OMS and Rad, calling on them to assume the defense of OEC to the claims asserted by CMA CGM in Taiwan. Despite such notice, neither OMS nor Rad appeared or accepted the defense.

**FIRST CAUSE OF ACTION**
**(Indemnification and/or Contribution)**

21. OEC repeats, reiterates, and realleges the foregoing paragraphs 1 through 20 inclusive, with the same force and effect as if fully set forth herein.

22. On July 24, 2024, CMA CGM issued its seaway bill to OEC for the carriage of the Cargo pursuant to the terms contained therein. In the seaway bill, OEC agreed to indemnify and hold harmless CMA CGM for any liability resulting from insufficient or improper stowage or securing of the Cargo within the Container.

23. OMS and Rad, as Merchants under OEC's seaway bill, are jointly and severally liable to OEC for any loss or damage caused by the improper or insufficient securing or bracing of the Cargo in the Container.

24. OEC's seaway bills for the Cargo constituted a valid and binding contract with OMS and Rad under the governing law.

25. If it is determined in the Taiwan Court that OEC is liable to CMA CGM for said damages, said losses and/or damages were due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, etc., or other misconduct by OMS and Rad as Shipper and Consignee, respectively.

26. The alleged damage to the Cargo was not caused or contributed to by any act, omission, fault or neglect on the part of OEC, its agents, servants, or employees.

27. Pursuant to the OEC seaway bill, OMS as shipper and Rad as consignee, both Merchants, are jointly and severally liable for all losses resulting from the failure to properly load and secure the Cargo in the Container, and thus, are jointly and severally liable for any liability OEC may incur to CMA CGM resulting from this incident.

**SECOND CAUSE OF ACTION**
**(General Negligence)**

28. OEC repeats, reiterates, and realleges the foregoing paragraphs numbered 1 through 27, inclusive, with the same force and effect as if fully set forth herein.

29. The damage suffered by the EVER MIST was due to the want of care, design, neglect, fault, privity, negligence, gross negligence, and/or willful, wanton, and reckless misconduct by OMS and/or Rad, resulting in the damages suffered by OEC.

30. As a proximate result of the foregoing, OEC has suffered damages of $280,000 due to the settlement of the claim by CMA, no part of which has been paid by OMS or Rad, although duly demanded.

**THIRD CAUSE OF ACTION**
**(Declaratory Judgment)**

31. OEC repeats, reiterates, and realleges the foregoing paragraphs numbered 1 through 30, inclusive, with the same force and effect as if fully set forth herein.

32. In the event a settlement or judgment had not been rendered against OEC in favor of CMA CGM before this matter is concluded, OEC seeks a declaration from this Honorable Court establishing that OMS and Rad are jointly and severally liable in full or in part to OEC for whatever reasonable amount is agreed or assessed against OEC.

**WHEREFORE,** OEC prays that:

1. OMS and/or Rad be found liable for contribution or indemnity in favor of OEC and for all such sums for which OEC may be found liable as a result of any claims, including attorney's fees, interest costs, and disbursements;

2. In the event the Cargo claim is not resolved before the final disposition of this action, OEC be granted declaratory judgment declaring OMS and/or Rad liable to OEC in full or in part for whatever reasonable amount may be agreed or assessed against OEC in settlement or judgment; and

3. OEC be granted such other and further relief as this Court deems just and proper.

Dated: December 11, 2025
New York, NY

Attorneys for Plaintiff,
Orient Express Container Co., Ltd.,

/s/ *Thomas L. Tisdale*

Thomas L. Tisdale
Tisdale & Nast Law Offices, LLC
Chrysler Building
405 Lexington Ave., 26th Floor
New York, NY 10174
Tel: 212 354 0025
Fax: 212 869 0067
*ttisdale@tisdale-law.com*

**VERIFICATION**

1. My name is Thomas L. Tisdale.

2. I am over 18 years of age, of sound mind, and capable of making this Verification.

3. I am an attorney with the firm of Tisdale & Nast Law Offices, LLC, counsel for Plaintiff and am authorized to make this verification on Plaintiff's behalf. The reason why I signed this verification in lieu of Plaintiff is because Plaintiff has no office or personnel within this Judicial District.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The source of my knowledge and the grounds for my belief are the information provided to me by Plaintiff, the documents provided to me by Plaintiff, and the conversation I had with the Plaintiff.

6. The foregoing is true and correct under penalty of perjury of the laws of the United States of America.

Dated: December 11, 2025
New York, NY

Thomas L. Tisdale